**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

MARCOS HERNANDEZ,              :
                                    Civil Action No. 10-4653 (JLL)
        Petitioner,      :

        v.               :    **OPINION**

DONALD MEE, et al.,            :

        Respondents.     :

**APPEARANCES:**

Petitioner pro se
Marcos Hernandez
Lock Bag R.
East Jersey State Prison
Rahway, NJ 07065

**LINARES**, District Judge

    Petitioner Marcos Hernandez, a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] and an application to proceed in forma pauperis pursuant

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

to 28 U.S.C. § 1915(a).  The respondents are Administrator Donald Mee and the Attorney General of the State of New Jersey.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis.  However, because it appears that Petitioner is not entitled to issuance of the writ at this time, the Court will dismiss the Petition without prejudice.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

The following facts are taken from the Petition and its attachments, as well as court records of which this Court can take judicial notice,[2] and are accepted as true for purposes of this Opinion.  Following a jury trial, Petitioner was convicted of distribution of a controlled dangerous substance, contrary to N.J.S.A. 2C:3505(a)(1) and N.J.S.A. 35-5(b)(2), and distribution of a controlled dangerous substance, contrary to N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 35-5(a)(1).  On November 30, 2007, The trial

---

[2] This Court will take judicial notice of the dockets of other courts in cases related to this Petition.  See Fed. R. Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).  See also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

court sentenced Petitioner to an aggregate term of fifteen years' incarceration, with a seven-year period of parole ineligibility.

Petitioner appealed.[3]  On direct appeal, Petitioner raised, among others, the claim that he had been deprived of the effective assistance of trial counsel, in violation of the Sixth Amendment to the United States Constitution.  The Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence on March 9, 2010.  State v. Hernandez, 2010 WL 816828 (N.J.Super. App.Div. March 9, 2010).  With respect to the ineffective-assistance-of-counsel claim, the Appellate Division held as follows:

> Defendant also argues that he was denied the effective assistance of trial counsel because his trial attorney: failed to seek a hearing on the admissibility of the audiotapes pursuant to State v. Driver, 38 N.J. 255 (1962); did not call him as a witness; failed to object to certain hearsay testimony; stipulated as to the chain of custody of the cocaine in evidence; and failed to cross-examine the person who prepared the lab reports concerning the weight and composition of the drugs seized from Fuentes.
>
> Claims of ineffective assistance of counsel should ordinarily be raised in a petition for post conviction relief (PCR). State v. Preciose, 129 N.J. 451, 460 (1992).  Indeed, "[o]ur courts have expressed a general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the

---

[3] It appears that Petitioner may have sought, and been granted, leave to file an out-of-time appeal.  If so, the Appellate Division's grant of right to file an out-of-time direct appeal resets the date when the conviction becomes final, and the limitations period begins to run, under 28 U.S.C. § 2244(d)(1)(A).

>   trial record." Ibid.  We therefore decline to address
>   these issues.  Defendant may pursue these claims in a
>   PCR petition.

State v. Hernandez, 2010 WL 816828 at *7 (emphasis added).

The Supreme Court of New Jersey denied certification on June 21, 2010.  State v. Hernandez, 202 N.J. 348 (2010).[4]  According to the allegations of the Petition, Petitioner has not filed a state petition for post-conviction relief.

This Petition, sent to the Court on September 3, 2010, followed.  Here, Petitioner raises, among other claims, the claim of ineffective assistance of trial counsel that was raised on direct appeal, but not addressed.

## II.  STANDARDS FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

>   A court, justice or judge entertaining an
>   application for a writ of habeas corpus shall forthwith
>   award the writ or issue an order directing the
>   respondent to show cause why the writ should not be
>   granted, unless it appears from the application that
>   the applicant or person detained is not entitled
>   thereto.

Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  See also

---

[4] As Petitioner has not sought a writ of certiorari from the U.S. Supreme Court, his conviction became final on September 19, 2010, ninety days after the Supreme Court of New Jersey denied certification.  See 28 U.S.C. § 2244(d)(1)(A).

4

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge <u>must</u> dismiss the petition ... ." (emphasis added)).  Moreover, "[h]abeas corpus petitions must meet heightened pleading requirements."  <u>McFarland</u>, 512 U.S. at 856.  A petition must "specify all the grounds for relief" and must set forth "facts supporting each ground."  <u>See</u> Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

    A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  <u>See</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989).  <u>See also</u> 28 U.S.C. §§ 2243, 2254, 2255.

III. <u>ANALYSIS</u>

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). <u>See also</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997), <u>cert. denied</u>, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

Here, it appears that Petitioner has failed to exhaust his claim of ineffective assistance of trial counsel.[5] It is appropriate for this Court to raise, <u>sua sponte</u>, the question

---

[5] Petitioner's other claims appear to have been exhausted.

6

whether the exhaustion requirement has been met.  See Granberry v. Greer, 481 U.S. 129 (1987); 28 U.S.C. § 2254(b)(3).

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  Granberry v. Greer, 481 U.S. 129 (1987).  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have

7

been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989).

Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). In addition, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson, 987 F.2d at 987.

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Rose v. Lundy, 455 U.S. at 522; see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").

Moreover, the exhaustion doctrine is a "total" exhaustion rule. That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Lundy, 455 U.S. at 522. At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[6] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

---

[6] See 28 U.S.C. § 2244(d).

> [S]tay and abeyance should be available only in limited circumstances. . . . [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. . . . For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the

10

denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

Here, Petitioner has presented a "mixed" petition, containing both exhausted and unexhausted claims.  State law provides direct appeal and collateral review processes adequate to test Petitioner's unexhausted claim of ineffective assistance of counsel.  See, e.g., New Jersey Court Rules 3:22 (Post-Conviction Relief).[7]  Indeed, in its opinion affirming Petitioner's conviction and sentence, the Appellate Division explicitly directed Petitioner to pursue his ineffective-assistance-of-counsel claim in a state petition for post-conviction relief.  This Petitioner did not do.  Accordingly, he cannot establish good cause for failure to exhaust his state remedies that would permit this Court to stay this proceeding pending exhaustion of the unexhausted claim.

Moreover, as Petitioner's conviction did not become final until September 19, 2010, his one-year limitations period for filing a § 2254 petition has not yet expired.  Accordingly, his ability to return to federal court following exhaustion of his state remedies would not be precluded by dismissal without

---

[7] As New Jersey Court Rule 3:22-12 sets forth a five-year limitations period, from the date of entry of judgment, for first state petitions for post-conviction relief, it does not appear that Petitioner would be time-barred from pursuing his claim of ineffective assistance of counsel.

prejudice of this Petition at this time, provided Petitioner acts diligently in exhausting his state remedies and returning to federal court thereafter. See 28 U.S.C. § 2244(d)(1) and (2).

For the foregoing reasons, this "mixed" Petition will be dismissed without prejudice. Should Petitioner wish to drop the unexhausted ineffective-assistance claim, and proceed only with the exhausted claims, he may move to re-open this matter. In that event, this Court takes this opportunity to advise Petitioner, as required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), that, under AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review, see 28 U.S.C. § 2244(d). Once a prisoner decides to proceed with such a petition, he loses the ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.

Accordingly, should Petitioner wish to proceed only with his exhausted claims, he may move to re-open this matter within 45 days after entry of the accompanying Order and, if he desires to

12

pursue any additional <u>exhausted</u> claims, he must attach to any motion to re-open an amended petition.

IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find it

debatable whether Petitioner has presented a mixed Petition.  No certificate of appealability shall issue.

## V. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

Dated: April 25, 2011